**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

THOMAS BACON,                    :
                                 :   Civil Action No. 08-5322 (SDW)
            Petitioner,          :
                                 :
      v.                         :   **OPINION**
                                 :
KAREN BALICKI, et al.,           :
                                 :
            Respondents.         :


**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Thomas Bacon                     Kimberly Yonta
East Jersey State Prison         Hudson Co. Prosecutor's Office
Lock Bag R                       595 Newark Avenue
Rahway, NJ  07065                Jersey City, NJ

**WIGENTON**, District Judge

    Petitioner Thomas Bacon, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Administrator Karen Balicki and the Attorney General of New Jersey.

    For the reasons stated herein, the Petition must be dismissed with prejudice as untimely.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> Defendant traveled with his codefendants from Newark to Jersey City, where they planned to commit a robbery. Defendant and codefendant McClary carried guns. They saw [Jerrel] Latimore and [Kevin] Rogers on a street in Jersey City. Defendant had a 357 magnum handgun, which he pointed at Rogers and used to shoot out the tire on a car. He was standing within ten feet of Rogers when he fired the gun. He took money from Rogers. Defendant also participated in the robbery of Latimore, who died as a consequence of a gun shot fired by codefendant McClary. Defendant took money from Latimore. Neither codefendant Gerald nor codefendant Peay possessed a firearm during the course of the robbery.

State v. Bacon, 2007 WL 4532511, *1 (N.J.Super. App. Div. Dec. 27, 2007).

B.   Procedural History

On October 27, 1997, the grand jurors for Hudson County returned a twelve-county indictment against Petitioner and three codefendants. Pursuant to a plea agreement, Petitioner pleaded guilty to armed robbery of Jerrel Latimore and possessing a handgun with the purpose of using it unlawfully against Kevin

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

2

Rogers.  On December 15, 1999, judgment was entered sentencing Petitioner, (1) on the robbery county, to an eighteen-year term of incarceration, subject to a nine-year term of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6c, and a parole ineligibility term equivalent to eighty-five percent of the sentence pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, and (2) on the possession count, to a concurrent ten-year term of incarceration subject to a five-year term of parole ineligibility pursuant to N.J.S.A. 2C:43-6c.  After having granted Petitioner leave to pursue an out-of-time appeal, the Superior Court of New Jersey, Appellate Division, entered an Order on November 14, 2001, affirming the trial court's judgment.  Petitioner did not file a petition for certification with the Supreme Court of New Jersey.

On April 29, 2004, Petitioner filed his first and only state court petition for post-conviction relief.  The trial court denied relief on March 29, 2006.  The Appellate Division affirmed the denial of relief by Opinion entered on December 27, 2007. State v. Bacon, 2007 WL 4532511 (N.J.Super. App. Div. Dec. 27, 2007).  The Supreme Court of New Jersey denied certification by Order entered March 27, 2008.  State v. Bacon, 194 N.J. 446 (March 27, 2008).

This Petition, accompanied by a cover letter dated October 17, 2008, was received in this Court on October 29, 2008.

3

Petitioner asserts five grounds for relief, including various challenges to the sentence and allegations of ineffective assistance of trial and appellate counsel.[2]  Respondents have answered that the Petition should be dismissed as time-barred and as otherwise meritless.  Briefing is complete and this matter is now ready for determination.

## II.  ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  ...

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

---

[2] A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

[3] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

4

>(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, all of Petitioner's claims were known to him by the time his direct appeals were concluded. Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," 28 U.S.C. § 2244(d)(1)(A), and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

5

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1).  Jimenez v. Quartermain, 129 S.Ct. 681 (2009).

Here, Petitioner was granted leave to file an out-of-time appeal.  Thus, his conviction became final on December 4, 2001, twenty days after the Appellate Division affirmed his sentence, and the federal habeas limitations period began to run on that date as to all of Petitioner's claims.  See N.J.Ct.R. 2:12-2(a) (twenty days to file petition for certification from decision of Appellate Division).  Accordingly, barring some basis for statutory or equitable tolling, Petitioner was required to file his federal habeas petition no later than December 4, 2002.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "_properly_ filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some

6

> jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v.

7

District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, however, Petitioner did not file his state petition for post-conviction relief until April 29, 2004, after the federal habeas limitations period had expired. Thus, the state petition for post-conviction relief did not statutorily toll the federal habeas limitations period.

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001)

(Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner has not alleged any facts suggesting a basis for equitable tolling.

Accordingly, Petitioner's federal habeas petition, mailed no earlier than October 17, 2008,[4] and almost six years after the federal limitations period expired on December 4, 2002, is untimely and must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

---

[4] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

9

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find this Court's procedural ruling "debatable." No certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice as untimely. An appropriate order follows.

                                              s/Susan D. Wigenton
                                              Susan D. Wigenton
                                              United States District Judge

Dated: February 17, 2010